Cite as 2020 Ark. App. 44

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-696

|  |  |
|---|---|
| NORA MCCORMICK<br><br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILDREN<br><br><br>APPELLEES | Opinion Delivered: January 22, 2020<br><br>APPEAL FROM THE WASHINGTON<br>COUNTY CIRCUIT COURT<br>[NO. 72JV-17-975]<br><br>HONORABLE STACEY<br>ZIMMERMAN, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant Nora McCormick appeals from the Washington County Circuit Court's termination of her parental rights to her children, J.M. (DOB: 10-23-2015) and J.U. (DOB: 10-02-2017). On appeal, McCormick argues that the termination order was not supported by sufficient evidence. She challenges only the circuit court's findings of the statutory grounds.[1] We affirm.

On December 15, 2017, the Arkansas Department of Human Services ("Department") exercised an emergency hold on J.M. and J.U. and filed a petition for emergency custody and dependency-neglect due to environmental neglect. The affidavit

---

[1]The circuit court also terminated the parental rights of J.M.'s legal father, Dakota Couch, and J.U.'s legal father, John Ulam. Neither is a party to this appeal.

supporting the petition alleged that the Department received a report that there was inadequate food in the home and that the children cried for long periods of time and were not tended to. A service worker inspected the home and found that it was environmentally hazardous and that McCormick had no financial means to change the situation. Specifically, the home was cluttered, infested with roaches, and had a foul stench; and there were piles of feces throughout the house. Considering the conditions of the home and McCormick's cooperative behavior, the Department instructed her to clean the home and advised her that it would return in two days for a reinspection. However, at the reinspection, the conditions remained the same, so the children were removed from McCormick's custody. The circuit court entered an ex parte order of emergency custody, and upon conducting a probable-cause hearing, it found that probable cause existed for the children to remain in the Department's custody.

At the adjudication hearing, McCormick stipulated that the children were at a substantial risk of serious harm due to environmental neglect, and the children were adjudicated dependent-neglected. The circuit court established a goal of reunification and allowed McCormick to have unsupervised visits every weekend. McCormick was ordered to comply with the standard welfare orders of the Department, including completing a psychological evaluation, participating in counseling, and maintaining a clean and safe home suitable for herself and the children.

McCormick achieved a trial home placement, but at a subsequent review hearing, the court ended the placement after two months because she had failed to demonstrate financial stability, and she was in jeopardy of being evicted and having the electricity turned

off. Despite this, the court found that McCormick had complied with all the court orders and the case plan.

At a permanency-planning hearing, the court continued the goal of reunification for an additional three months, finding that McCormick had complied with most of the case plan and court orders. However, the court found that McCormick still needed to demonstrate financial stability.

At the fifteen-month permanency-planning hearing, the court changed the goal of the case to termination of parental rights and adoption. The court found that McCormick had discontinued counseling; had not maintained stable, clean, and safe housing; had not demonstrated financial stability; and had missed several visits with the children. The court also found that McCormick had not demonstrated she could keep the children safe from harm because she moved in with Howard Owens, whom she had known for only five weeks.

In response to the circuit court's change in goal, the Department filed a petition for termination of McCormick's parental rights on the basis of the twelve-month failure-to-remedy ground, Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (Supp. 2019), and the subsequent-factors ground, Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*. The petition also alleged that termination was in the children's best interest.

At the termination hearing, K.C. Oliver, the family-service worker assigned to the case, testified that the children were doing well and are adoptable. Regarding McCormick's compliance, Oliver testified that McCormick had not participated in counseling throughout the case, she had not obtained and maintained stable housing and employment, and she had

missed milestone visits with the children including birthdays (she missed seventeen visits). She explained that early in the case, McCormick stopped submitting to random drug tests but that the Department did not push it because she did not have a drug problem when the case opened. However, over a year into the case, McCormick tested positive for drugs at the fifteen-month permanency-planning hearing. Oliver also testified to the Department's concern that McCormick moved in with her boyfriend, Owens, shortly after having met him. Less than a month before the termination hearing, Oliver visited McCormick's new home, and trash was scattered throughout the yard, there was an unstable wheelchair ramp she almost fell through, there was no stove, and the bathroom was not finished. Lastly, Oliver recounted the events surrounding a surgery J.M. underwent. Oliver testified she drove McCormick from Northwest Arkansas to Little Rock so she could be at the hospital. She testified that McCormick slept most of the time, and after asking McCormick to tend to J.M. when he woke up from surgery, she pulled a blanket over her head and would not respond to J.M's calls for her.

McCormick testified that since Oliver visited her home, she had installed a stove, cleaned up the trash, and put up a fence so she could keep the dogs outside during the day, hoping it would help with the pet odor in the house. She also removed the ramp. She testified that she missed visits due to work and because she had wrecked her car and had no transportation. She explained she quit going to counseling because she did not have a way to pay for it, and she did not know the Department would pay for it. However, she admitted that she did not inquire about it until almost a year later. She also explained that she missed drug screens due to work. McCormick testified that she had at least five jobs since the case

opened but that she had worked at E-Z Mart for about three months. She highlighted the facts that there was never a time she did not have sufficient income to support herself, she always had a home, and she was never homeless. Lastly, she said that she met her now fiancé, Owens, at a previous job and that they knew each other four months before buying a mobile home together.

At the conclusion of the hearing, the circuit court terminated McCormick's parental rights, finding that the Department had proved the grounds alleged and that termination was in the children's best interest. McCormick now timely appeals.

We review termination-of-parental-rights cases de novo. *Heath v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 255, at 5–6, 576 S.W.3d 86, 88–89. We review for clear error, and a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* A court may order termination of parental rights if it finds clear and convincing evidence to support one or more statutory grounds listed in the Juvenile Code, Ark. Code Ann. § 9-27-341(b)(3)(B), and that termination is in the best interest of the child, taking into consideration the likelihood of adoption and the potential harm to the health and safety of the child that would be caused by returning him or her to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A).

On appeal, McCormick does not challenge the circuit court's best-interest finding, and we need not address it. She instead limits her argument to the statutory grounds found by the court. She argues that the statutory findings do not fit the temporal requirement of the statute and that the evidence does not support the findings.

Proof of only one statutory ground is sufficient to terminate parental rights. *Corley v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 397, at 4–5, 556 S.W.3d 538, 541–42. The subsequent-factors ground, codified at Arkansas Code Annotated section 9-27-341(b)(3)(B)(vii)*(a)*, provides that termination is appropriate when

> other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parents.

Regarding this ground, the circuit court found that McCormick had failed to comply with the case plan since the case opened. It specifically noted that she demonstrated instability in her housing and finances. The court cited its termination of the trial home placement after two months because McCormick was in jeopardy of being evicted and having her electricity turned off. It also referenced the hospital incident in which McCormick pulled a blanket over her head when J.M. called for her. The order explained that despite the Department's reasonable and meaningful efforts and the court's allowing McCormick three additional months to comply with the case plan, she had still failed to demonstrate the ability to safely parent her children.

McCormick argues that the circuit court erroneously relied on the same evidence to support both the failure-to-remedy ground and the subsequent-factors ground; she claims that the evidence can support one but not both statutory grounds. She cites the court's findings under both grounds of unstable housing and inability to demonstrate a protective

6

and safe environment, which she claims are both rooted in financial instability. McCormick argues that the only finding not used as support in the failure-to-remedy analysis was her behavior during the surgery incident, which she claims is insufficient evidence to terminate. However, in conducting our de novo review, we conclude that the record amply supports the finding in the termination order that the Department proved the subsequent-factors ground. *See Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356, at 8.

Here, the circuit court repeatedly ordered McCormick to participate in individual counseling, refrain from using illegal drugs, submit to random drug screens, attend visitation, maintain stable housing and employment, and demonstrate the ability to protect the children. Despite these court orders and the Department's offer of services, McCormick failed to consistently participate in individual counseling, she used illegal substances, she failed to submit to random drug screens, and she missed several visits with the children. Failure to comply with court orders can serve as a subsequent factor on which termination of parental rights can be based. *See Gonzalez v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 425, at 9, 555 S.W.3d 915, 920. Accordingly, we hold that the circuit court did not clearly err in finding that the Department proved this ground.

Lastly, McCormick argues that the court was condescending to her, and the comments made at the termination hearing toward her tainted the entire judicial opinion. She asserts that the termination order should be reversed because it appears to have been made as a result of personal judgment. However, McCormick never filed a motion for recusal or raised any bias issue at any point during the case, so the argument is not preserved for our review. *See T.R. v. L.H.*, 2015 Ark. App. 483.

Affirmed.

GRUBER, C.J., and ABRAMSON, J., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

*Ellen K. Howard*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.